# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDY K. ROWLEY and HORACE P. ROWLEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-70** |
| **AMERICAN HOME ASSURANCE COMPANY and BFI WASTE SERVICES, LLC** | **SECTION I/3** |

## ORDER

Considering the foregoing motion to remand, filed on behalf of plaintiff,[1] as well as the responsive and reply memoranda submitted by the parties,

Defendant argues that federal jurisdiction exists based on plaintiffs' allegations that named defendant AIG Insurance Company ("AIG") "has received more than $150 billion" from the federal government's Troubled Asset Relief Program ("TARP"), that plaintiffs are "third-party beneficiaries of the TARP agreement," and that "AIG has breached the TARP agreement by not using the federal funds to pay a fair and adequate award to Plaintiffs."[2] Plaintiffs contend that their claims are based exclusively on state tort law and state insurance law and that the allegations concerning TARP are "a factual basis for Plaintiffs' claim of bad faith."[3] Plaintiffs further contend that neither TARP, nor the Emergency Economic Stabilization Act of 2008, which establishes TARP, confer a federal right of action upon private citizens such as themselves.

---

[1] R. Doc. No. 14.

[2] R. Doc. No. 702, petition ¶¶3, 4, 7.

[3] R. Doc. No. __, reply to response at 4.

The Supreme Court "has held that a case may arise under federal law where 'the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Roman v. Aviateca, S.A., 120 F.3d 265 (5th Cir. 1997) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983)) (alteration in original). "To invoke federal jurisdiction in this manner, a 'right or immunity created by the Constitution or laws of the United States' must be an 'essential' element of the plaintiff's cause of action." Id. (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)). "The federal element must be both 'substantial' and 'disputed,' and it must be disclosed on the face of the complaint." Id. (quoting Franchise Tax Bd., 463 U.S. at 13).

Here, the plaintiffs' causes of action lie in state tort law and state insurance law. The allegations concerning TARP are merely factual allegations to support their bad faith claim against AIG. To support federal removal jurisdiction, "there must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, in reality, arises only under state law." 14B Charles Alan Wright et al., Federal Practice and Procedure §3722, 493 (3d ed. 1998). Moreover, defendants, who bear the burden of demonstrating subject matter jurisdiction, identify no provision of TARP or the Emergency Economic Stabilization Act of 2008 which confers a right of action upon plaintiffs. This Court, therefore, lacks subject matter jurisdiction in this matter.

Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED**.[4]

---

[4] Plaintiffs also seek an order that defendants pay costs, actual expenses, and attorneys' fees incurred by plaintiffs as a result of defendants' removal. After reviewing the submissions of the parties, the Court exercises its discretion and declines to award any such costs, expenses, or fees.

**IT IS FURTHER ORDERED** that the above-captioned matter be **REMANDED** to the Third Ward Justice Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, March 13, 2009.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**